United States District Court
Southern District of Texas
**ENTERED**
September 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LEYAN GONGORA HERNANDEZ, | § | CIVIL ACTION NUMBER 4:26-cv-03598 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, *et al*, | § | |
| Respondents. | § | |

# ORDER DENYING RECONSIDERATION

Petitioner Leyan Gongora Hernandez, through counsel, filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 4, 2026. Dkt 1. He acknowledged illegal entry into the United States at a prior date but nonetheless asserted that his detention violated (i) the Immigration and Naturalization Act, (ii) the Due Process Clause of the Fifth Amendment, (iii) the Administrative Procedure Act, (iv) equal protection, (v) the Suspension Clause, and (vi) the *Accardi* doctrine. Id at ¶¶76–155. The undersigned granted a motion by Respondents for summary judgment and dismissed the petition with prejudice on May 27, 2026. Dkts 7 & 8.

On July 8, 2026, notice was provided to Petitioner of the decision by the Fifth Circuit in *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). Dkt 9. Petitioner was advised that he could seek reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure if he believed that the ruling applied to him. Id.

Pending is an amended petition filed by Petitioner on September 8, 2026. Dkt 10. He now proceeds *pro se*. He again acknowledges illegal entry on a prior date but

contends that his ongoing detention violates (i) the Due Process Clause of the Fifth Amendment, and (ii) the Immigration and Naturalization Act. Id at 3–4. He asserts that the passage of time since the original petition was denied is a changed circumstance meriting reconsideration of his claims. Id at 4. He also relies on the decision in *Sosnava Rodriguez* as a change in the law warranting reconsideration of his petition. Ibid. He seeks either release or an individualized bond hearing. Id at 5. He also seeks the appointment of counsel. Dkt 11.

The amended petition will be construed as a motion for reconsideration under Rule 60(b). Such a motion challenges "an already completed judgment." *Banister v Davis*, 590 US 504, 520–21 (2020).

Because "final judgments should not be lightly reopened," relief under Rule 60(b) is both limited and uncommon. *Lowry Development LLC v Groves and Associates Insurance Inc*, 690 F3d 382, 385 (5th Cir 2012), quoting *Seven Elves Inc v Eskenazi*, 635 F2d 396, 401 (5th Cir Unit A Jan 1981). Relief under Rule 60(b) is available only if the moving party can show (i) mistake, inadvertence, surprise, or excusable neglect, (ii) certain newly discovered evidence, (iii) fraud, misrepresentation, or misconduct by an opposing party, (iv) voidness of the judgment, (v) events casting doubt on the validity or equity of continuing to apply the judgment, or (vi) any other reason that justifies relief. A "significant change either in factual conditions or in law" may cast doubt on whether the continued enforcement of an existing judgment is equitable, thereby providing a basis for relief under Rule 60(b)(5). *Horne v Flores*, 557 US 433, 447 (2009), quoting *Rufo* v *Inmates of Suffolk County Jail,* 502 US 367, 384 (1992). The party seeking such relief bears the burden of establishing that circumstances have changed to the point that relief is warranted. Ibid.

*As to claims under the INA*, the Fifth Circuit issued a controlling decision on February 6, 2026, with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it

holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08.

Such determination, made several months before the initial petition was filed, forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context. Petitioner points to no changed circumstances of either fact or law relevant to his INA claims.

*As to due process claims*, the Fifth Circuit issued a separate decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 727– 28. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 181 F4th 608 (5th Cir 2026). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013). The vacatur thus eliminates any changed circumstances that may have arisen from the original panel decision.

The undersigned has now ruled on over three hundred petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes decisions on the following issues pertinent to the subject petition:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question under §1225(b)(2)(A) consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period as articulated with respect to post-removal-order detention in *Zadvydas v Davis*, 533 US 678 (2001); see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

The arguments in the amended petition raise only issues resolved to the contrary in the decisions cited above. The amended petition also makes clear that Petitioner's removal order is not yet final. The presumptively constitutional six-month post-final-order detention period provided by *Zadvydas v Davis,* 533 US 678 (2001), thus hasn't yet begun.

As such, it appears from the face of the amended petition that Petitioner is not entitled to relief. The amended petition, treated as a motion for reconsideration of the original petition, will thus be denied on the basis presently submitted.

* * *

In so concluding, respectful acknowledgement is given to a number of district court judges who have reached a different conclusion on the claim with respect to due process presented in this case, including within the Houston Division itself. For example, reaching conclusions in line with the undersigned are decisions in *Garcia De La*

*Cruz v Bondi*, 2026 WL 309939 (SD Tex, Lake, J), *Arteaga-Marroquin v Blanche*, 2026 WL 1708601 (SD Tex, Hanen, J), and *Bernal v Frink*, 2026 WL 1804234 (SD Tex, Ganjei, J). But reaching conclusions that would afford relief to petitioners are decisions such as *Guerrero Gomez v Warden,* 4:26-cv-02192 (SD Tex, May 1, 2026, Hoyt, J), *Banegas Avila v Frink*, 2026 WL 976144 (SD Tex, Rosenthal, J), *Rodriguez v Frink*, 823 F Supp 3d 678 (SD Tex 2026, Ellison, J), *Serrano v Thompson*, 2026 WL 2000099 (SD Tex, Bennett, J), and *Batalla Nava v Tate*, 2026 WL 1103033 (SD Tex, Hanks, J). Until the Fifth Circuit or Supreme Court gives a definitive interpretation, it is simply up to each district court judge to continue to give his or her own best reading to the law and available precedent.

It bears mention that many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez* and may file another motion for reconsideration or a later petition if warranted after those proceedings conclude.

* * *

The amended petition for writ of *habeas corpus* by Petitioner Leyan Gongora Hernandez is treated as a motion for reconsideration and is DENIED. Dkt 10.

The pending motion for appointment of counsel is DENIED AS MOOT. Dkt 11.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on September 24, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge